IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-CR-4075-1-BCW |
| ) | |
| BRYCE ALEXANDER VITTETOE, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Magistrate Judge Epps' Report and Recommendation denying Defendant's motion to suppress evidence. (Doc. #36). Defendant filed objections to the Report and Recommendation and motion for reconsideration. (Doc. #37). After an independent review of the record, the applicable law, and the parties' arguments, the Court adopts the Magistrate's findings of fact and denies the motion to suppress because Defendant lacks Fourth Amendment standing to challenge the search. The Court finds Magistrate Judge Epps did not need to consider whether there was probable cause to search the vehicle and thus declines to consider Report and Recommendation's conclusions of law at this time.

On August 25, 2020, law enforcement officers conducted a search of a white 2011 Toyota Scion driven by Defendant. As a result, officers obtained a search warrant for Defendant's storage unit located at 2900 Renns Lake Road #307, Jefferson City, Missouri. The Government now seeks to introduce evidence retrieved from the two searches in the above-captioned case.

On July 23, 2021, Defendant filed a motion to suppress (Doc. #25) arguing law enforcement lacked probable cause to initiate the search of the vehicle and thus violated his constitutional rights. Defendant further argues because the initial search of the vehicle was

1

unconstitutional, the fruit of the poisonous tree doctrine requires exclusion of all evidence found in the storage unit thereafter.

After an evidentiary hearing, Magistrate Judge Epps found probable cause existed to search the vehicle and therefore the evidence obtained from the storage unit was not fruit of the poisonous tree. (Doc. #36). This Court agrees with the factual findings in the Report and Recommendation but finds the Report and Recommendation fails to consider whether Defendant has Fourth Amendment standing to challenge the search.

"Fourth Amendment rights are personal and may not be asserted vicariously." United States v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999). Thus, to assert a violation of the Fourth Amendment, a defendant must demonstrate a legitimate expectation of privacy. United States v. Green, 275 F.3d 694, 698 (8th Cir. 2001). "To establish a legitimate expectation of privacy, the defendants must demonstrate: (1) a subjective expectation of privacy; and (2) that this expectation is one that society is prepared to recognize as objectively reasonable." Id. at 699 (citing United States v. Muhammad, 58 F.3d 353, 355 (8th Cir. 1995)).

"The United States Supreme Court has explicitly determined that a person has no reasonable expectation of privacy in an automobile belonging to another." Id. (citing Rakas v. Illinois, 439 U.S. 128, 148-149 (1978)). "Likewise, a person present in a stolen automobile at the time of the search may not object to the lawfulness of the search of the automobile. No matter the degree of possession and control, the car thief would not have a reasonable expectation of privacy in a stolen car." Byrd v. United States, 138 S. Ct. 1518, 1529 (2018) (citations omitted). Therefore, "a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search." Id. at 1521.

Here, the record repeatedly establishes that the 2011 Toyota Scion was reported as stolen. (Doc. #34, Tr. 7:17-23, 10:13-24, 34:16-17, 38:14). Because the car was stolen, Defendant did not have a legitimate expectation of privacy in the vehicle and lacks Fourth Amendment standing to challenge the constitutionality of the search. Therefore, the Court denies Defendant's motion to suppress. Accordingly, it is hereby

ORDERED Defendant's Motion to Suppress Evidence (Doc. #25) is DENIED. It is further

ORDERED the findings of fact articulated in Judge Epps' Report and Recommendation are to be incorporated as part of this Order.

IT IS SO ORDERED.

DATED: <u>December 14, 2021</u>  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT